734 S.E.2d 165

**In the Matter of Greenwood County Magistrate Walter Rutledge MARTIN, Respondent.**

**Appellate Case No. 2012–213049.**

**No. 27183.**

Supreme Court of South Carolina.

Submitted Oct. 16, 2012.

Decided Nov. 7, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Assistant Disciplinary Counsel, for Office of Disciplinary Counsel, of Columbia.

Harvey MacLure Watson, III, of Ballard Watson Weissenstein, of West Columbia, for respondent.

PER CURIAM.

In this judicial disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RLDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand, admonition, or letter of caution. We accept the Agreement

and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## *Facts*

On March 7, 2012, respondent was presiding over bond court. One of the defendants before respondent questioned the bond respondent had set. Respondent became upset with the defendant and asked the defendant whether he was calling respondent a liar. When the defendant responded, "[n]o, I'm not going anywhere," respondent replied, "[o]kay. Because I'll beat your ass if you call me a liar." Respondent immediately apologized to the defendant.

Respondent regrets his comment and offers, by way of mitigation, that the evening before the incident, his disabled three-year-old son awoke him at 2:00 a.m. and he was unable to go back to sleep for the rest of the night. Respondent submits that his comment is atypical of his courtroom demeanor and submits a 2009 letter from the South Carolina Bar's Judicial Qualifications Committee which found him well qualified in the area of judicial temperament.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity and independence of the judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety in all of judges activities); Canon 2A (judge shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); and Canon 3B(4) (judge shall require order and decorum in proceedings before the judge). Respondent also admits he has violated the following Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct).

### Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, KITTREDGE and HEARN, JJ., concur.

BEATTY, J., not participating.