# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Walter Rutledge Martin of the
Greenwood County Magistrate's Court, Respondent.

Appellate Case No. 2022-000885

---

Opinion No. 28107
Submitted August 12, 2022 – Filed August 31, 2022

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Sara P. Morris, both of Columbia,
for the Office of Disciplinary Counsel.

Robert Jamison Tinsley, Jr., Esquire, of Greenwood, for
Respondent.

---

**PER CURIAM:** In this judicial disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary
Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, Respondent admits misconduct, consents to
any sanction ranging from a confidential admonition up to a six-month definite
suspension, and agrees to attend anger management counseling and pay costs. We
accept the Agreement and issue a public reprimand.

## I.

Respondent was admitted to practice law in South Carolina in 1994, and he has served as a magistrate judge in Greenwood County since May 2007.[1] The current Agreement arises from two separate incidents that occurred in the fall of 2021.

During the first incident, which occurred in September 2021, Respondent was presiding over a jury trial when defense counsel requested that a motion be heard outside the presence of the jury. Respondent agreed to hear the motion, and after the jury was escorted out, plaintiff's counsel and Respondent engaged in a heated exchange during which counsel challenged how Respondent knew of defense counsel's motion. Respondent scolded plaintiff's counsel for not listening and directed him to "get the f**king wax out of his ears." Judge then cleared his throat, apologized, and asked plaintiff's counsel to "take the wax out of his ears." At the conclusion of the hearing, Respondent again apologized for using profanity and immediately self-reported the misconduct to ODC.

The second incident occurred in November 2021 after the Greenwood County clerk staff notified Respondent late in the afternoon that he was assigned to preside over a jury trial the following morning at 9:30 a.m. Respondent subsequently complained to the Chief Magistrate in a loud and agitated manner and yelled at the scheduling clerk for failing to provide him timely notice of the jury trial. After the Chief Magistrate intervened, Respondent returned to his office and subsequently apologized to both the scheduling clerk and the Chief Magistrate.[2]

## II.

Respondent admits that by his conduct he violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 2(A) (requiring a judge to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); and Canon 3(B)(4) (requiring a judge to be patient,

---

[1] Respondent's disciplinary history includes a 2012 public reprimand, which resulted from Respondent losing his temper and cursing at a defendant during bond court. *In re Martin*, 400 S.C. 254, 734 S.E.2d 165 (2012) (publicly reprimanding Respondent for stating to a defendant "I'll beat your a** if you call me a liar").

[2] Following these incidents, Respondent was not placed on interim suspension by this Court under Rule 17, RJDE, Rule 502, SCACR.

dignified, and courteous to litigants, lawyers, and others with whom the judge deals in an official capacity). Respondent also admits his conduct constitutes grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (providing a violation of the Code of Judicial Conduct is grounds for discipline).

By way of mitigation, Respondent explains that he has a fourteen-year-old son with severe autism, who is non-verbal, incontinent, and suffers from a severe form of epilepsy. In the two days preceding the first incident, Respondent had traveled to Charlotte for his son to have a 24-hour EEG performed for his epilepsy. On his way back home from the hospital in Charlotte, Respondent received a text message from a county clerk at 5:30 p.m. alerting him that he was scheduled for a civil jury trial the following morning.[3] Respondent also explained that at the time of these incidents, his wife had recently experienced several serious personal and health-related crises of her own. Respondent explains the demands of caring for his son, coupled with these other family stressors diminished his ability to contain his frustration. In an effort to avoid future inappropriate outbursts, Respondent enrolled in anger management counseling and sought additional healthcare for himself. Respondent reports this new treatment has resulted in significant improvement in Respondent's ability to cope with the stress of his family life. Respondent also submitted affidavits of support from various people, including the lawyer at whom he cursed in open court.[4] These affidavits describe Respondent as intelligent and even-tempered.[5]

---

[3] Respondent also contends the chief magistrate had instructed the scheduling clerk only to email Respondent notice of the trial and not to call or text him notice, despite knowing Respondent was traveling for his son's medical appointments.

[4] The lawyer averred that despite being contacted by the former chief magistrate and a current magistrate court clerk requesting that he report the incident to the Office of Disciplinary Counsel, he refused to do so because he "did not feel it warranted reporting."

[5] Several of these affidavits also allude to personality conflicts between Respondent and others at the Greenwood County Magistrate's Court.

## III.

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by the Office of Disciplinary Counsel and the Commission on Judicial Conduct.

Within one year, Respondent shall complete an additional twenty hours of anger management counseling with a counselor, who must be approved by the Commission on Judicial Conduct (Commission) prior to the commencement of counseling. Should the counselor believe that more than twenty hours of counseling is necessary, Respondent shall notify the Commission and complete the number of hours recommended by the counselor. Within thirty days of completing counseling, Respondent shall ensure the counselor submits a written report to the Commission detailing Respondent's treatment and progress. Respondent's failure to complete this required counseling may be grounds for additional discipline. Additionally, Respondent is encouraged to continue seeking treatment from his current healthcare providers.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**